UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANTS READYTOMANAGE, INC. AND JON WARNER'S EX PARTE APPLICATION TO SET ASIDE CLERK'S DEFAULT (Dkt. 54, filed June 23, 2016).

PLAINTIFF LEADERSHIP STUDIES' MOTION FOR DEFAULT JUDGMENT (Dkt. 47, filed June 8, 2016)

## I.    INTRODUCTION

On December 8, 2015, plaintiff Leadership Studies, Inc. ("plaintiff") filed this action for trademark infringement, copyright infringement, unfair competition, injunctive relief, and declaratory relief against defendants Jon Warner ("Warner"); ReadyToManage, Inc. ("RTM"), a California corporation; Team Publications ("TP"); Worldwide Center for Organizational Development, LLC ("WCOD"), a California Limited Liability Company; and Profiles-R-Us.Com, Pty. Ltd.("PRU"), an Australian proprietary limited company. Dkt. 2 (Compl.). Plaintiff provides leadership training services and materials for major corporations in the United States and through worldwide affiliates. See generally id. Plaintiff owns numerous trademarks, most notably its "Situational Leadership® Model," as well as numerous copyrighted works. Id. at ¶ 5. Defendant Warner is involved with several entities that publish and offer for sale leadership training materials directed toward businesses. Four of those entities—defendants RTM, TP, WCOPD, and PRU—are named as defendants in this action.

On June 8, 2016, plaintiff filed a motion for default judgment, against all defendants, seeking $6,750,000. Dkt. 47 ("Motion for Def. Judg."). Plaintiff states that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

notified all defendants of its application for default judgment by hand delivery on June 13, 2016. Dkt. 51.

On June 22, 2016, despite the Clerk's entry of default against it, defendant TP filed a proposed answer to plaintiff's complaint. Dkt. 53 (Proposed Answer of defendant TP). The following day, on June 23, 2016, defendants RTM and Warner filed the instant ex parte application to set aside the Clerk's entry of default, dkt 54 ("Ex Parte App."), as well as proposed answers to the operative complaint, see dkts. 58 (Proposed Answer of defendant RTM), 59 (Proposed Answer of defendant John Warner). In light of defendant TP's filing of a proposed Answer, the Court construes defendant TP as having joined defendants RTM and Warner in moving to set the default aside. For purposes of this order, the Court refers to defendants RTM, Warner, and TP as "moving defendants."[1] On June 27, 2016, plaintiff filed an opposition to moving defendants' ex parte application. Dkt. 67 ("Ex Parte Opp'n").

On June 29, 2016, moving defendants filed an opposition to plaintiff's motion for default judgment. Dkt. 69 ("Def. Judg. Opp'n"). On July 5, 2016, plaintiff filed a reply in support of its motion for default judgment. Dkt. 70 ("Reply").

On July 11, 2016, the Court held oral argument on plaintiff's motion for default judgment and moving defendants' ex parte application to set aside the Clerk's entry of default. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] With respect to defendants WCOD and PRU, plaintiff avers that its "research reveals that [defendants] Jon Warner *along with WCOD* are the registered owners of the URL www.readytomanage.com" and that defendant TP "is the registered owner of the URL www.profiles-r-us.com [i.e., *defendant PRU*]." Reply at 8 (citing Boyajian Decl. at ¶ 2, Exhs.1 & 2). Notably, however, defendants WCOD and PRU have joined neither the ex parte application to set the default aside, nor the opposition to plaintiff's motion for default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

## II. BACKGROUND

Plaintiff asserts that in 2002, defendant Warner was affiliated with plaintiff through the "Australasian Centre for Leadership Studies." In 2004, plaintiff "executed a five-year agreement with Mr. Warner and the Centre doing business as 'Worldwide Centre for Organisational Development' under which [plaintiff] licensed certain 'Situational Leadership®' materials for use." Motion for Def. Judg. at 2-3. On August 7, 2007, defendant Warner allegedly left the Centre and assigned his rights to another person. Id. at 3.

Plaintiff further avers that in September 2015, it discovered that defendants, through their online websites, made "over a dozen materials available for sale that infringed one or more of [plaintiff's] trademarks and/or copyrights." Id. at 3-4. On September 30, 2015, plaintiff's counsel sent a cease-and-desist letter to defendants Warner and RTM. Id. at 4. In an emailed response, defendant Warner allegedly claimed that RTM "has never sold Situational Leadership products in any form." Id. Warner then ceased further contact until shortly after plaintiff initiated the instant suit on December 8, 2015. Id.

Plaintiff avers that as of the date of the initiation of this suit, the California Secretary of State's website listed two of the named defendant-entities, RTM and WCOD. Ex Parte Opp'n at 5. But while the website listed WCOD as an "Active" entity, it identified RTM as "Lapsed." Id. Plaintiff asserts that on December 16, 2015, it served defendant WCOD (and not the other named defendants) at its agent for service of process, Efrain Saldana, as identified on the California Secretary of State's website. Id.

Two days later, on December 18, 2015, defendant Warner emailed legal counsel for plaintiff and stated as follows;

> I as [*sic*] quite surprised to see that you had served court papers on me today. I thought we had removed the offending items. I see you have listed others not mentioned previously, including several that only mention situational leadership as a model and fully acknowledging the work of Paul Hersey. However, I am more than happy to remove these also.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

> You should note that the profiles-r-us.com web site has not been active for over 2 years but the server site is maintained in Australia. This will need discussions with them but should present no problem either. I expect to have the other items removed with the next 3 working days.

See Dkt. 47-1 at ¶ 10, Exh. 4.

In response, counsel for plaintiff wrote the following:

> ***It appears that you do not fully understand the scope of the lawsuit that has been filed against you and your related companies***. This is far more than a case in which the Center for Leadership Studies ("the Center") is seeking to prevent the future distribution of isolated materials that bear its trademarks. To the contrary, we have discovered a wide swath of materials that infringe on the Center's trademarks and copyrights.
>
>                         * * *
>
> Furthermore, given that you previously agreed a few years ago to cease selling copyrighted materials, but then resumed doing so, coupled with your serious copyright violations, the Center is disinclined to accept your present assurances. This is particularly true since you recently merely changed the word "Situational" to "Contextual" in the title of one of your infringing works. Furthermore, although you claim that Profiles-R-Us website is not in operation, the ReadyToManage website links to it, and we were able order profiles that way from the Profiles-R-Us website.
>
> ***The Center Intends to proceed with its lawsuit*** in order to seek an accounting and damages for the willfully infringing materials as well as a judicial Order declaring the materials infringing and ordering you and your companies to cease their marketing and distribution.
>
> ***We strongly suggest that you consult with legal counsel in this regard***. You [*sic*] lawyer may, in fact, counsel you to remove the Infringing Items to limit your future financial exposure, but we are not able to provide you with legal advice. In any case, once you have obtained counsel, please put them

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

> in contact with us, and it will no longer be appropriate for us to have direct contact.

Id. (emphasis added).

In response to the above email from plaintiff's counsel, defendant Warner responded as follows:

> I will not be engaging any legal council [*sic*] as we have not intentionally infringed on any of your copyrights and have never made one penny on the back of them as any simple discovery will attest. Feel free to proceed with a lawsuit as you wish.

Id.

Plaintiff filed a proof of service of the summons and complaint as to WCOD on January 5, 2016. Dkt. 16. Plaintiff avers that it then "doggedly attempted to serve Mr. Warner and the remaining entities." Ex Parte Opp'n at 6. Because RTM's registration with the Secretary of State was suspended, plaintiff avers that it pursued service at the business address that RTM identified on its website. Id. Plaintiff asserts, however, that this address "proved to be a fraudulent address." Id. Plaintiff then attempted to serve Anne Sandberg, the agent for service of process identified on the Secretary of State's website, but she did not reside at the given residential address on the website, and service was thus unsuccessful. Dkt. 47-6 (Harding Decl.), at ¶ 11. Counsel for plaintiff avers that they have since learned that Ms. Sandberg, who was identified on the WCOD website as RTM's President, is married to defendant Jon Warner. Id. at ¶ 12.

Plaintiff attempted to serve the remaining parties at the address listed for all of them on RTM's website. Id. at ¶14. However, the address was for a postal box facility that had no record of boxes in the name of any of the defendants. Id. Plaintiff located a residential address for Mr. Warner, but efforts to serve him at different times of the day failed. Id. Plaintiff's counsel states that Mr. Warner's LinkedIn page indicates that he hosts a group entitled RX4 on the third Wednesday of each month. Id. at ¶16. In February 2016, plaintiff contacted the address where the event was to be hosted to ask whether Mr. Warner's attendance was expected and was told that Mr. Warner was "in his office" at that moment. Id. at ¶17. That same day, plaintiff sent a process server to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

location. Id. at ¶18. After first being told to wait because Mr. Warner was "on the phone," the process server was told several minutes later that Mr. Warner had "left the building." Id.

When further attempts to serve defendant Warner proved similarly unproductive, plaintiff completed substituted service (at 11835 W. Olympic Blvd. #900, Los Angeles, CA 90065) on Mr. Warner and the remaining entities on February 24, 2016. Id. at ¶ 19. Defendant Warner asserts that this address "is a law office that lets [him] use their address as a mail drop for a medical consulting venture called RX4," and that Warner "do[es] not use that address personally or as [his] usual place of business, nor is the address used by [defendants] ReadyToManage or Team Publications." Warner Decl., at ¶ 10. Warner further asserts that he did not actually receive any of the documents that were dropped off at the Olympic Boulevard location. Id.

Plaintiff's counsel further avers that on or around the date that it completed substituted service in February 2016, plaintiff learned that defendant RTM's registration with the California Secretary of State no longer showed as "lapsed," and that a new agent for service of process, LEGALZOOM.COM, INC., was listed. Harding Decl., at ¶ 20. Accordingly, plaintiff arranged for service of process on RTM through the newly-designated agent on February 25, 2016. Id. at ¶ 21. However, plaintiff states that although it intended to serve RTM in February 2016 at its new agent for service of process, RTM was inadvertently served by substituted service and by mail at 11835 W. Olympic Blvd., #900, Los Angeles, CA 90065. Dkt. 70-6 (Amendment to Harding Decl.).

On March 3, 2016, plaintiff filed a proof of service of the summons and complaint as to all of the remaining defendants, including Warner. Dkt. 18-21. On March 3, 2016, plaintiff requested that the Clerk enter default against WCOD. Dkt. 23. On March 8, 2016, the Clerk entered default against WCOD. Dkt. 24. On April 6, 2016, plaintiff requested that the Clerk enter default against remaining defendants RTM, TP, PRU and Warner. Dkt. 26-29. However, on April 11, 2016, plaintiff was alerted via a Notice of Deficiency that the Clerk could not enter default against defendants RTM, TP, PRU and Warner because the proof of service was lacking required information. Dkts. 30-33.

Shortly thereafter, on April 15, 2016, plaintiff filed another proof of service of the summons and complaint as to defendants RTM, TP, PRU, and Warner. Dkt. 34-37. On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

April 18, 2016, the Clerk entered default against defendants PRU, TP, and Warner.  Dkt. 42.  The following day, on April 19, 2016, the Clerk entered a default against defendant RTM.  Dkt. 43.

Shortly thereafter, as stated *supra*, plaintiff filed the instant motion for default judgment, and moving defendants filed an ex parte application to set the Clerk's entry of default aside.

## II.   DISCUSSION

### A.   Moving Defendants' Ex Parte Application to Set the Clerk's Entry of Default Aside, pursuant to Federal Rule of Civil Procedure 55(c)

In their ex parte application to set the Clerk's entry of default aside, moving defendants assert that "good cause" exists to set aside the defaults against them because (1) plaintiff's service of process was defective; (2) plaintiff made inadequate attempts to give moving defendants actual notice of this suit; and (3) moving defendants have meritorious defenses to this suit.  Dkt. 55.  In response, plaintiff argues that defendants have failed to establish "good cause" for setting the default aside because (1) defendant Warner had actual notice of this suit in December 2015; (2) plaintiff's service of process was proper; and (3) defendants' "culpable conduct" led to the Clerk's entry of default, such that relief under Federal Rule of Civil Procedure 55(c) would be inappropriate.

#### 1.   Legal Standard

The Federal Rules of Civil Procedure govern the entry of default.  Once default has been entered by the Clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)).  A district court may refuse to set aside the default if any one of these factors is true.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). When a party seeking timely relief from default has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting Schwab v. Bullocks Inc., 508 F.2d 353, 355 (9th Cir. 1974)). As such, the Court has broad discretion to overturn an entry of default. Id. This discretion is "more liberally applied" where, as in the instant case, a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010).

    2.    Analysis

Defendant Warner denies that he has engaged in any "culpable conduct" contributing to the Clerk' entry of default and instead contends that there is "good cause" to set the defaults against him and defendants RTM and TP aside. Specifically, Warner argues that defects in plaintiff's service of process provide good cause for setting the default aside. See Ex Parte App. at 3 ("The purported substituted service on [defendant] RTM was . . . invalid . . . [and plaintiff] made inadequate attempts to give Mr. Warner or RTM actual notice of the suit."). However, upon a review of the record, the Court concludes, as plaintiff argues, that defendants' own "culpable conduct" led to the Clerk's entry of default.

As the Ninth Circuit explained in Meadows v. Dominican Republic, "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." 817 F.2d 517, 521, 533 (9th Cir. 1987) (holding that "[u]nder the circumstances presented in the record, the district court did not abuse its discretion in finding that appellants' default was intentional, culpable, and inexcusable under Rule 60(b)(1)"). Here, as in Meadows, defendant Warner appears to have "received actual notice of the complaint and intentionally declined to answer." Id.

Specifically, on December 18, 2015, defendant Warner emailed legal counsel for plaintiff and stated that he was "quite surprised to see that [plaintiff's counsel] had served court papers on [him] today," and further was "more than happy" to remove from the Internet some of the allegedly infringing items listed the complaint. See Dkt. 47-1 at ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

10, Exh. 4 (email exchange). In response, plaintiff's counsel stated, in fairly unequivocal terms, as follows:

> It appears that you do not fully understand the scope of the lawsuit that has been filed against you and your related companies. . . . [Plaintiff] intends to proceed with its lawsuit in order to seek an accounting and damages for the willfully infringing materials as well as a judicial order declaring the materials infringing and ordering you and your companies to cease their marketing and distribution. We strongly suggest that you consult with legal counsel in this regard.

Id. Defendant Warner responded by asserting that plaintiff's counsel should "[f]eel free to proceed with a lawsuit as [she] wish[ed]," as defendants "will not be engaging any legal council [*sic*]" because, in Warner's view, defendants "ha[d] not intentionally infringed on any of [plaintiff's] copyrights and have never made one penny on the back of them[,] as any simple discovery will attest." Id.

Based upon these statements—to which defendant Warner does not object—the Court has little difficulty in concluding that Warner—who, by his own estimation, has "some thirty years' experience as CEO of various companies and in business leadership and management training," dkt. 56, at ¶ 2—had actual notice of this lawsuit in December 2015 and was culpable in failing timely to file a responsive pleading and thereby avoid default. See Icho v. Hammer, 434 Fed. App'x. 588, 590 (9th Cir. 2011) (holding that "[t]here is sufficient evidence to suggest [the defendant] intentionally failed to answer, thereby hindering the judicial proceedings," where lower court found culpable conduct based upon, *inter alia*, defendant's status as a "sophisticated businessman" and defendant's "disregard[] [of] several conspicuous indications that he was a party to a lawsuit"); Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA, 581 Fed. App'x 679, 681 (9th Cir. 2014) ("The district court did not abuse its discretion in implicitly finding that Wolfstein lied about having received notice of the lawsuit and therefore acted in bad faith, barring Rule 55(c) relief.").

In light of the Court's conclusion that defendant Warner (and, therefore, the defendant-entities over which Warner exerts or exerted control) had actual notice of this suit in December 2015, moving defendants' arguments regarding alleged defects in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

plaintiff's service of process are unavailing. That is, because Warner received actual notice in December 2015 of having been named, along with his co-defendants, in this suit, the constitutional guarantee of due process was satisfied, even assuming plaintiff's service of process did not fully comply with statutory procedures. See Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1203 (9th Cir. 2008) ("Because 'due process does not require actual notice,' it follows a fortiori that actual notice satisfies due process. We find the argument that the Constitution requires something *more* than actual notice strained to the point of the bizarre." (quoting Jones v. Flowers, 547 U.S. 220, 225 (2006))); S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1166 (9th Cir. 2007) ("A defendant who has notice of an action against him may force the plaintiff to prove that service has been made and that jurisdiction is proper by filing a Rule 12(b) motion to dismiss. *The defendant who chooses not to put the plaintiff to its proof, but instead allows default judgment to be entered and waits, for whatever reason, until a later time to challenge the plaintiff's action, should have to bear the consequences of such delay*.") (citation omitted) (emphasis added). It is simply irrelevant that, following Warner's actual notice and email exchange with plaintiff's counsel in December 2015, defendants did not receive additional notice until June 2016 "that [plaintiff] *was proceeding any further with the case*" (e.g., through the filing of a motion for default judgment). See Dkt. 56 (Warner Decl.), at ¶ 9 (emphasis added).

      However, the Court's conclusion that defendant Warner acted culpably in failing to file a responsive pleading is not dispositive of defendants' Rule 55(c) application. In light of the circumstances presented in this case, the Court finds the Ninth Circuit's decision in Brandt v. Am. Bankers Ins. Co. of Florida, 653 F.3d 1108 (9th Cir. 2011) to be especially instructive. The defendant in Brandt had filed a motion to set aside a default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). The district court found that the defendant had "fail[ed] to provide a credible explanation for its failure to respond to [the] lawsuit," and had therefore "acted culpably" in failing to file a responsive pleading.[2] Id. at 1109-10. Ultimately, because defendant "had a meritorious defense, and any prejudice to the plaintiffs could be cured, the district court granted [defendant's] motion and ordered the default judgment and entry of default be set aside upon [defendant's] satisfaction of certain conditions." Id. The "conditions" imposed by

---

    [2] However, the court did not find the defendant's conduct to be "in bad faith." Brandt, 653 F.3d at 1110.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

the district court were, in the Ninth Circuit's view, "substantial"—among other things, the court required (1) "reimbursement of the [plaintiffs'] attorney fees associated with [defendant's] motion to set aside the default judgment;" and (2) "reimbursement of [one individual plaintiff's] travel expenses to attend the default judgment hearing." Id. at n.1.

On appeal, the plaintiffs in Brandt—who ultimately lost their case on summary judgment—argued that "once the district court concluded [that defendant] acted culpably in failing to respond to the complaint, it was precluded as a matter of law from setting aside the default judgment." Id. at 1109. The Ninth Circuit disagreed and affirmed the lower court's ruling, explaining that "[t]he district court's finding that [defendant] acted culpably did not preclude it, as a matter of law, from setting aside the default judgment under Rule 60(b)(1) based upon excusable neglect." Id. at 1112. The court explained that while a district court "may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, [it] need not [do so]." Id.

Here, as in Brandt, defendants have "fail[ed] to provide a credible explanation for [their] failure [timely] to respond to [the] lawsuit," and indeed "acted culpably" in failing to respond to the complaint. Id. at 1109-10. Specifically, defendants' failure timely to file an Answer—despite Warner's acknowledgment via email in December 2015 that plaintiff had "surprised" him by "serv[ing] court papers on [him]," and Warner's additional assertion that defendants "will not be engaging any legal council [*sic*]" because they "ha[d] not intentionally infringed on any of [plaintiff's] copyrights," dkt. 47-1 at ¶ 10, Exh. 4—constitutes culpable conduct. See TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) ("[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action *and intentionally failed to answer*.") (emphasis added) (citation omitted), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147 (2001). Nonetheless, in light of the Ninth Circuit's ruling in Brandt, the Court concludes that even if defendants' conduct was culpable, this case is best decided on the merits and not based upon defendants' seemingly ill-advised decision not to file a responsive pleading until after the Clerk's entry of default.

As the Ninth Circuit has explained, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. When a party seeking timely relief from default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

has a meritorious defense, "doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza, 783 F.2d at 945-46 (citation omitted). As such, the Court has broad discretion to overturn an entry of default. Id. As is especially relevant here, this discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). Mesle, 615 F.3d at 1091 n.1 (9th Cir. 2010) (noting that this level of liberality is applied "because in the Rule 55 context there is no interest in the finality of the judgment with which to contend"). And while the Court's denial of a Rule 55(c) motion is reviewed for abuse of discretion, "a glaring abuse of discretion is *not* required for reversal of a court's refusal to relieve a party of the harsh sanction of default," due to "the policy of favoring judgments on the merits." Id. at 1091 (quoting United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010) (internal quotation marks and citation omitted) (emphasis added)).

     Still, as plaintiff rightly notes, a party in default "is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Here, defendants assert that if "Warner and RTM were permitted to file Answers, they would raise serious defenses, including that the works of which [plaintiff] complains were joint works, and thus not infringing." Ex Parte App. at 2 (citing Warner Decl. at ¶¶ 2-6, 8, 14). Defendants' proposed answers are admittedly limited in their recitation of specific facts, but they nonetheless assert (albeit in generalized terms) several affirmative defenses. See also Dkts. 53 (Proposed Answer of defendant TP), 58 (Proposed Answer of defendant RTM), 59 (Proposed Answer of defendant John Warner). Ultimately, the "underlying concern" of the Court "is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust, 794 F.2d at 513. The Court is satisfied that at least "some" such possibility exists here; that is, the Court cannot conclude that "permit[ing] [a] reopening of the case . . . [will] cause needless delay and expense to the parties and court system." Id.

     With respect to potential prejudice associated with the Court's setting the default aside, plaintiff contends that it has "incurred significant legal fees and costs to prepare its Motion for Default Judgment as well as its response to the instant [ex parte application]" "[s]olely as a result of [d]efendants' refusal to participate in the instant lawsuit." Ex Parte Opp'n at 20. With respect to its argument regarding prejudice, plaintiff cites

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, in which the Ninth Circuit explained that "any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified" where a district court places "condition[s] [on] the setting aside of [the] default." 854 F.2d 1538, 1546 (9th Cir. 1988). Specifically, the court noted that "the most common type of prejudice is the additional expense caused by the delay, the hearing on the Rule 55(c) motion, and the introduction of new issues," and that "[c]ourts have eased these burdens by requiring the defaulting party to provide a bond to pay costs[] [or] to pay court costs." Id. The imposition of such conditions "can serve to promote the positive purposes of the default procedures without subjecting either litigant to their drastic consequences." Id. (quotation marks and citation omitted). Similarly, as explained *supra,* the Ninth Circuit in Brandt noted that in setting aside the default despite defendant's culpable conduct, the lower court had required, *inter alia*, "reimbursement of the [plaintiffs'] attorney fees associated with [defendant's] motion to set aside the default judgment." Brandt, 653 F.3d at 1110 n.1.

In light of defendants' culpable conduct here, the Court similarly finds it appropriate (1) to set aside the Clerk's entry of default, while also (2) ordering that defendants compensate plaintiff for the attorneys' fees associated with both defendants' motion to set the Clerk's entry of default aside, as well as plaintiff's motion for default judgment.[3]  See id.; cf. Kajitani v. Downey Savings & Loan Ass'n, 2007 WL 3129342, at *8 (D. Haw. Oct. 25, 2007) (ordering that defendant pay plaintiffs for the reasonable attorneys' fees associated with the default, despite the fact that the court set the default aside after finding defendant's conduct not to be "culpable").

## V. CONCLUSION

In accordance with the foregoing, defendants RTM, John Warner, and TP's ex parte application to set the Clerk's entry of default aside is **GRANTED IN PART** and **DENIED IN PART**, and plaintiff's motion for default judgment as to these defendants is

---

[3] The Court notes that plaintiff's motion for default judgment and the supporting declarations and evidence filed in support thereof are fairly comprehensive, articulating numerous substantive legal arguments and, collectively, spanning nearly 1,500 pages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | August 16, 2016 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC.; ET AL. | | |

therefore **DENIED AS MOOT**. Defendants RTM, John Warner, and TP's proposed Answers, see dkts. 53, 58, 59, are to be considered filed with the Court.

    However, the Court's setting aside of the default is conditioned upon moving defendants' payment to plaintiff of the reasonable attorneys' fees and costs associated with plaintiff's filing of their motion for default judgment and their opposition to moving defendants' ex parte application to set the default aside. Accordingly, plaintiff is directed to file, **by no later than Monday, August 29, 2016**, any necessary declarations and supporting documentation establishing their reasonable attorneys' fees and costs associated with their filing of their motion for default judgment and their opposition to moving defendants' ex parte application. Moving defendants may file an opposition to the amount of such fees and costs **by no later than Monday, September 12, 2016**. Thereafter, the matter will be taken under submission.

    As noted *supra* at n.1, defendants WCOD and PRU appear to have been served by plaintiff, but have nonetheless failed to appear in this action. Notably, neither WCOD nor PRU have joined moving defendants' ex parte application to set the default aside, nor have they joined moving defendants in opposing plaintiff's motion for default judgment. Accordingly, for good cause shown, and in light of WCOD and PRU's failure to appear in this action, default judgment is entered against defendants WCOD and PRU. Cf. C.D. Cal. L. R. 7-12 (noting that "[t]he failure to file any required document . . . may be deemed consent to the granting or denial of [a] motion"). However, the Court **RESERVES JUDGMENT** as to any calculation of damages associated with WCOD and PRU's default until resolution of this action or until further order of the Court, whichever comes first.

    IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |