## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | January 13, 2017 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. V. READYTOMANAGE, INC., ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN  CHAMBERS) - PLAINTIFF LEADERSHIP STUDIES'
APPLICATION FOR ATTORNEYS FEES AND COSTS

On December 8, 2015, plaintiff Leadership Studies, Inc. filed this action for trademark infringement, copyright infringement, unfair competition, injunctive relief, and declaratory relief against defendants Jon Warner; ReadyToManage, Inc. ("RTM"); Team Publications ("TP"); Worldwide Center for Organizational Development, LLC ("WCOD"); and Profiles-R-Us.Com, Pty. Ltd. ("PRU"). Dkt. 2. Plaintiff provides leadership training services and materials for major corporations in the United States and through worldwide affiliates. See generally id. Plaintiff owns numerous trademarks, most notably its "Situational Leadership® Model," as well as numerous copyrighted works. Id. ¶ 5. Defendant Warner is involved with several entities that publish and offer for sale leadership training materials directed toward businesses. Four of those entities—defendants RTM, TP, WCOPD, and PRU—are named as defendants in this action.

On June 8, 2016, plaintiff filed a motion for default judgment against all defendants, seeking $6,750,000. Dkt. 47. On June 22, 2016, despite the Clerk's entry of default against it, TP filed a proposed answer to plaintiff's complaint. Dkt. 53. The following day, on June 23, 2016, defendants RTM and Warner filed an ex parte application to set aside the Clerk's entry of default, dkt. 54, as well as proposed answers to the operative complaint, see dkts. 58, 59. In light of TP's filing of a proposed answer, the Court construed TP as having joined RTM and Warner in moving to set aside the default. For purposes of this order, the Court refers to defendants RTM, Warner, and TP as the "moving defendants."

On June 27, 2016, plaintiff filed an opposition to the moving defendants' ex parte application. Dkt. 67. On June 29, 2016, the moving defendants filed an opposition to plaintiff's motion for default judgment. Dkt. 69. On July 5, 2016, plaintiff filed a reply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | January 13, 2017 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. V. READYTOMANAGE, INC., ET AL. | | |

in support of its motion for default judgment.  Dkt. 70.  On July 11, 2016, the Court held oral argument on plaintiff's motion for default judgment and the moving defendants' ex parte application to set aside the Clerk's entry of default.

On August 16, 2016, the Court set aside the Clerk's entry of default against the moving defendants, conditioned upon the moving defendants' payment to plaintiff of associated, reasonable costs.  Dkt. 75 ("Order").  The Court directed plaintiff to file, "any necessary declarations and supporting documentation establishing their reasonable attorneys' fees and costs associated with their filing of their motion for default judgment and their opposition to moving defendants' ex parte application."  Id. at 14.

On August 29, 2016, plaintiff's counsel submitted a declaration and supporting documentation demonstrating that plaintiff incurred $154,689.50 in attorneys' fees for 320.9 hours of work and $3,330.89 in costs related to plaintiff's motion for default judgment and its opposition to the moving defendants' application to set aside the Clerk's default.  Dkt. 76 ("Desoer Decl.") ¶¶ 4–5; see also Dkt. 76-1 (documentation).

On September 12, 2016, the moving defendants filed an opposition to plaintiff's application for fees.  Dkt. 77 ("Opp'n").  The moving defendants assert that plaintiff is entitled to fees *only* in relation to opposing defendants' motion for relief from default, but *not* in relation to plaintiff's motion for default judgment.  Id. at 1.  The moving defendants also assert that the hours that plaintiff's counsel expended to oppose the ex parte application were excessive, and that plaintiff should be not awarded fees for their reply brief in support of their motion for default judgment.  Id. at 3–5.  On September 22, 2016, plaintiff filed a reply in support of its fee application.  Dkt. 80.

"[I]t is appropriate to condition setting aside a default upon the payment of a sanction."  Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546–47 (9th Cir. 1988).  The Court has already found that the moving defendants acted culpably in failing to timely file an answer in this action because Warner (and the defendant-entities over which Warner exerts or exerted control) had actual notice of this suit in December 2015.  Order at 9–11.  Therefore, the Court concluded that plaintiff is entitled to attorneys' fees associated with *both* defendants' motion to set aside the Clerk's entry of default, as well as plaintiff's motion for default judgment.  Id. at 13.  The moving defendants' argument that plaintiff is not entitled to fees for its motion for default judgment is unavailing because defendants' culpable conduct *necessitated* the filing of the motion for default judgment.  See Coen Co., Inc. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | January 13, 2017 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. V. READYTOMANAGE, INC., ET AL. | | |

Pan Int'l, Ltd., 307 F.R.D. 498, 508 (N.D. Cal. 2015) (granting attorneys' fees associated with "applying for default *and* default judgment *and* in opposing th[e] motion [to set aside entry of default]" upon finding that defendants engaged in "potentially culpable conduct" (emphases added)).  Indeed, the Court noted in its August 16, 2016 Order that plaintiff's motion for default judgment and the supporting declarations and evidence were comprehensive, articulating numerous substantive legal arguments and, collectively, spanning nearly 1,500 pages.  Order at 13 n.3.  In addition, the Court concludes that plaintiff's time spent preparing its opposition to the ex parte application and plaintiff's time spent preparing its reply in support of its motion for default judgment was reasonable.

Plaintiff was represented primarily by Michele M. Desoer, a partner who billed $625 per hour; A. James Boyajian, a sixth-year associate who billed $450 per hour; Shani Williams, a sixth-year associate who billed $450 per hour; and Bradley Harding, a second-year associate who billed $330/hour.  Desoer Decl. ¶ 5. After reviewing awards in similar cases, the Court concludes that the hourly rates plaintiff's counsel seeks are consistent with the rates charged by other intellectual property lawyers in the Los Angeles legal community.  See, e.g., Love v. Mail on Sunday, No. 2:05-cv-7798-ABC-PJW, 2007 WL 2709975, at *8 (C.D. Cal. Sept. 7, 2007) (in an intellectual property case, finding the following rates reasonable and consistent with market rates: $690 per hour for a partner, $460 per hour for a senior associate, $305 per hour for a junior associate) aff'd sub nom. Love v. Associated Newspapers, Ltd., 611 F.3d 601 (9th Cir. 2010).  Accordingly, the Court concludes that plaintiff's request for fees and costs is reasonable and not excessive.

The Court therefore **GRANTS** plaintiff's request for $154,689.50 in attorneys' fees and $3,330.89 in costs from the moving defendants, for a total of $158,020.39.  The moving defendants shall have **forty-five (45) days** to comply with this order.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |