## CIVIL MINUTES – GENERAL       'O'   JS-6

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN  CHAMBERS) - PLAINTIFF LEADERSHIP STUDIES'
NOTICE OF FAILURE TO COMPLY WITH COURT ORDER TO
SHOW CAUSE WHY DEFAULT JUDGMENT SHOULD NOT BE
ENTERED AND REQUEST FOR ENTRY OF DEFAULT
JUDGMENT (Dkt. 90, filed March 29, 2017)

## I.    INTRODUCTION AND BACKGROUND

On December 8, 2015, plaintiff Leadership Studies, Inc. filed this action for trademark infringement, copyright infringement, unfair competition, accounting, and declaratory relief against Jon Warner; ReadyToManage, Inc. ("RTM"); Team Publications ("TP"); Worldwide Center for Organizational Development, LLC ("WCOD"); and Profiles-R-Us.com, Pty. Ltd ("PRU"). Dkt. 2 ("Compl."). Plaintiff provides leadership training services and materials for major corporations in the United States and through worldwide affiliates. See generally id. Plaintiff owns numerous trademarks, most notably its "Situational Leadership® Model," as well as numerous copyrighted works. Id. at ¶ 5. Warner is involved with several entities that publish and offer for sale leadership training materials directed toward businesses. Four of those entities—defendants RTM, TP, WCOD, and PRU—are named as defendants in this action.

On August 16, 2016, the Court granted the motion—filed by RTM, TP, and Warner ("moving defendants")—to set aside the Clerk's entry of default against them, conditioned upon the moving defendants' payment to plaintiff of associated, reasonable costs. Dkt. 75. WCOD and PRU did not join the moving defendants' application to set aside the default or the opposition to plaintiff's motion for the default judgment. As a result, the Court granted default judgment as against WCOD and PRU, but reserved its decision regarding the calculation of damages until the matter was adjudicated as to all defendants. Id. at 14.

**CIVIL MINUTES – GENERAL**　　　'O'　JS-6

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. |

On January 17, 2017, the Court concluded that plaintiff's request for fees and costs was reasonable and, therefore, granted plaintiff's request for $154,689.50 in attorneys' fees and $3,330.89 in costs from the moving defendants, for a total of $158,020.39. Dkt. 84. The Court ordered defendants to comply within 45 days. Id.

On March 7, 2017, plaintiff filed a notice that the moving defendants had failed to comply with the Court's January 17, 2017 order. Dkt. 88.

On March 9, 2017, the Court ordered the moving defendants to show cause on or before March 24, 2017, why a default judgment should not be entered against them. Dkt. 89.

On March 29, 2017, plaintiff filed a notice that the moving defendants failed to show cause why a default judgment should be entered against them. Dkt. 90. Plaintiff reiterated its request that a default judgment be entered against the moving defendants and that the Court award full remedies, including statutory damages, costs, and attorneys' fees as against all defendants. Id.

Given the moving defendants' failure to comply with Court's January 17 and March 9, 2017 orders, the Court **DIRECTS** the Clerk of Court to re-enter default against the moving defendants.

Furthermore, proceeding on the papers previously filed on plaintiff's motion for default judgment, see dkts. 50 ("MDJ"), 69, 70, the Court finds that entry of default judgment against the moving defendants is appropriate under Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) (directing courts to consider seven factors in deciding whether to enter default judgment).

## II.　LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1471–72; see also Elektra, 226 F.R.D. at 392.

## III. DISCUSSION

### A. Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Given the moving defendants' failure properly to respond and defend this suit, plaintiff would be prejudiced if denied a remedy against the moving defendants. As a result, the first Eitel factor weighs in favor of the entry of default judgment.

#### 2. Substantive Merits and Sufficiency of the Claim

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'   JS-6**

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

<u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

### a.    Copyright Infringement

"To establish a prima facie case of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act[.]" <u>UMG Recordings, Inc. v. Augusto</u>, 628 F.3d 1175, 1178 (9th Cir. 2011). "[A]n infringer of copyright is liable for either — (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Because defendants have not participated in these proceedings, plaintiff has not obtained evidence to allow it to calculate its actual damages or defendants' profits; as a result, plaintiff elects judgment based on statutory damages. MDJ at 19. Under the Copyright Act, a copyright owner may recover statutory damages "with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "[W]here the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." <u>Id.</u> § 504(c)(2). "To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." <u>Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.</u>, 658 F.3d 936, 944 (9th Cir. 2011) (quotation marks omitted).

Here, plaintiff has alleged a prima facie case of copyright infringement. <u>See</u> Compl. ¶¶ 37–122; 138–44. Furthermore, there appears to be evidence to support a finding of willful infringement. <u>See</u> dkt. 48, Declaration of Glenna Withem ("Withem Decl.") ¶¶ 11–12, 31–61 & Exs. (the RTM website contained infringing materials as of September 2015, even though plaintiff had requested the removal of such materials in 2008 and Warner agreed to remove them). Accordingly, plaintiff requests that the Court enter default judgment on its claims for copyright infringement against defendants, jointly and severally, based upon the 31 materials that infringe one or more of plaintiff's copyrights, in the amount of $50,000 per infringement, which amounts to $1,550,000, a sum that is one-third of the maximum for *willful* infringements. MDJ at 20. However, courts do not calculate statutory damages based on the number of defendants' materials

| CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

that infringe on plaintiff's copyrights. Rather, "under the Copyright Act, each *work* infringed may form the basis of one award." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1193 (9th Cir. 2001) (quotation marks omitted). Accordingly, courts award statutory damages based on the number of plaintiff's copyrighted works that have been infringed. See, e.g., Nintendo of Am., Inc. v. Dragon Pac. Int'l, 40 F.3d 1007, 1010 (9th Cir. 1994) (affirming the district court's award of "$5000 for each of the thirteen copyrighted works infringed by [defendant]"); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) (awarding statutory damages in the amount of $100,000 for each of seven trademarks infringed and $30,000 for each of nine copyrights infringed); Microsoft Corp. v. Ricketts, No. 06-cv-06712-WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007) (awarding statutory damages for each copyright infringed).

Plaintiff alleges that it owns the rights in and that defendants have infringed upon twelve copyrighted original literary works: (1) "Leadership and Adaptability Description"; (2) "Meeting Effectiveness Inventory Self Report"; (3) Meeting Effectiveness Inventory Other Report"; (4) "Essentials of Situational Leadership Leaders' Guide"; (5) "Essentials of Situational Leadership Leader's Guide One" (6) "The Situational Leader,"; (7) "Situational Selling"; (8) "Management of Organizational Behavior: Leading Human Resources" (9) "Situational Leadership®: The Core Leader's Guide," (10) "Situational 23 Leadership®: The Core Participant Workbook"; (11) "Problem-Solving Decision-Making Style Inventory – Self";  and (12) "Problem-Solving Decision-Making Style Inventory – Other." Compl. ¶¶ 37–64. Because plaintiff seeks $50,000 for each copyright infringement, plaintiff is entitled to $600,000 in statutory damages for copyright infringement.

### b.    Trademark Infringement

A trademark is a "word, name, symbol, or device" that is intended "to identify and distinguish [the mark holder's] goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods." 15 U.S.C. § 1127. Plaintiff alleges trademark infringement under 15 U.S.C. § 1114(1)(a) of the Lanham Act, which imposes liability on a person who uses a registered mark without the consent of the registrant and "such use is likely to cause confusion, or to cause mistake or deceive[.]" Thus, to prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must prove: (1) ownership of a valid trademark; (2) use of the mark without its consent; and (3) that such use is likely to cause confusion. Credit One Corp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

v. Credit One Financial, Inc., 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009); see also Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012) ("To prevail on its Lanham Act trademark claim, a plaintiff must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." (quotation marks omitted)).

Under the Lanham Act, a plaintiff may recover statutory damages "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1).  In addition, where a defendant's conduct has been willful, the court may grant enhanced statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).  "Willfulness requires a connection between the defendant's awareness of its competitors and the defendant's actions at those competitors' expense." Otter Products, LLC v. Berrios, No. 13-cv-4384-RSWL-AGR, 2013 WL 5575070, at *9 (C.D. Cal. Oct. 10, 2015).  Furthermore, "[a] plaintiff may be awarded statutory damages under both the Copyright Act and the Lanham Act where the defendant's act simultaneously infringed the plaintiff's copyright and its trademark. . . .  This is permitted because the two statutory schemes serve different public policies, and protect against and remedy different injuries." Nop, 549 F. Supp. 2d at 1238 (citing Nintendo of America, Inc. v. Dragon Pacific Int'l, 40 F.3d 1007, 1010–11 (9th Cir. 1994)).  "Several courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." Nop, 549 F. Supp. 2d at 1238.

Here, plaintiff has alleged a prima facie case of trademark infringement.  See Compl. ¶¶ 28–36, 66–67, 73–122, 124–32.  Furthermore, there appears to be evidence to support a finding of willful infringement.  See, e.g., Withem Decl. ¶¶ 11–12, 31–61 & Exs. (the RTM website contained infringing materials as of September 2015, even though plaintiff had requested the removal of such materials in 2008 and Warner agreed to remove them).  Furthermore, "the failure of a party to defend itself against allegations of trademark counterfeiting is indicative of willful trademark infringement." Nop, 549 F. Supp. 2d at 1238; see also Sennheiser Elec. Corp. v. Eichler, No. 12-cv-10809-MMM-PLA, 2013 WL 3811775, at *5 (C.D. Cal. July 19, 2013) ("An allegation of willful trademark infringement is deemed true when the defendant defaults.").  Accordingly, plaintiff requests $100,000 for each of the 52 materials that allegedly infringe on one or more of plaintiff's trademarks, for a total of $5,200,000, a number that is within the range

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'   JS-6

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

for non-willful infringement, and one-twentieth of the maximum for willful infringement. MDJ at 22. However, courts do not calculate statutory damages based on the number of defendants' materials that infringe on plaintiff's trademarks. Like the copyright context, courts award statutory damages based on the number of plaintiff's trademarks that have been infringed. See Louis Vuitton Malletier, 658 F.3d at 946–47 ("With respect to copyright, when statutory damages are assessed . . . , each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work. . . . With respect to damages for contributory trademark infringement, logic compels the same result." (quotation marks omitted)); Philip Morris, 219 F.R.D. at 500 (awarding damages for infringement of *two* of plaintiff's trademarks in the amount of *twice* the statutory limit); Sennheiser, 2013 WL 3811775, at *5 (awarding statutory damages "per mark [defendant] infringed").

Plaintiff alleges that it owns the rights in and that defendants have infringed upon six trademarked works: (1) the "Situational Leadership®" mark; (2) the "Quadrant" mark; (3) the "Performance Readiness®" mark; (4) the "Situational Coaching®" mark; and the (5) "Situational Selling®" mark. Compl. ¶¶ 28–35. Because plaintiff seeks $100,000 for each infringement, plaintiff is entitled to $500,000 in statutory damages for trademark infringement.

### c.     Unfair Competition

California's Unfair Competition Law prohibits "unfair competition . . . , includ[ing] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009). "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. v. Super. Court, 826 P.2d 730, 734 (Cal. 1992) (quotation marks omitted); Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Plaintiff appears to rest its UCL claim on defendants' alleged trademark infringement. See Compl. ¶¶ 149–50. A violation of Lanham Act may support a claim under the UCL. See Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir. 1994). Because the Court has concluded that plaintiff has sufficiently stated a claim for trademark infringement, plaintiff has likewise adequately stated a claim under the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'   JS-6

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. |

### d.    Accounting

"An accounting may be brought to compel a defendant to account to a plaintiff for money where (1) a fiduciary duty exists; or (2) where no fiduciary duty exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." Wise v. Wells Fargo Bank, N.A., 850 F. Supp. 2d 1047, 1055 (C.D. Cal. 2012); see also Civic W. Corp. v. Zila Indus., Inc., 66 Cal. App. 3d 1, 14 (1977) ("A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law."). "A claim for an accounting may be decided on a motion for default judgment." Brown v. Stroud, No. 08-cv-02348-JSW-NC, 2014 WL 1308342, at *21 (N.D. Cal. Mar. 31, 2014), report and recommendation adopted, No. 08-cv-02348-JSW, 2014 WL 12639917 (N.D. Cal. July 11, 2014).

Plaintiff does not allege that defendants owe it a fiduciary duty. Furthermore, plaintiff seeks the following relief: (a) statutory damages—i.e., fixed sums—for its trademark and copyright claims; (b) injunctive relief for its UCL claim; and (c) declaratory relief for its declaratory judgment claim. Accordingly, the Court finds that plaintiff's claims are not "so complicated" such that "ordinary legal action demanding a fixed sum is impracticable." See Wise, 850 F. Supp. 2d at 1055. The Court therefore concludes that plaintiff has not adequately alleged its accounting claim. See Solomon v. Jacobson, No. 15-cv-01453-VAP-JPR, 2016 WL 6023821, at *10 (C.D. Cal. July 6, 2016) (denying default judgment on an accounting claim where plaintiff sought a fixed sum).

### e.    Declaratory Relief

Under the Declaratory Judgment Act, this Court has authority to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a); see also Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222 (9th Cir. 1998). In order to fall within the Declaratory Judgment Act, a plaintiff must raise "a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201(a). "The controversy must be definite and concrete, touch the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240–41 (1937) (citations omitted). Plaintiff seeks a decree declaring that:

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
|---|---|---|---|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

(a) The Material prepared, published, marketed, and/or sold by Defendants, or any of them, and identified by Plaintiff that include any or all of Plaintiff's Marks infringe upon Plaintiff's Marks.

(b) The Material prepared, published, marketed, and/or sold by Defendants, or any of them, and identified by Plaintiff's that [sic] infringe on Plaintiff's copyrights.

Compl. ¶ 162. In this case, plaintiff has presented a concrete legal controversy that is real and not hypothetical and that affects plaintiff in a concrete and substantial manner. Moreover, plaintiff alleges facts that demonstrate that it is entitled to the declaratory relief sought because defendants have infringed on plaintiffs trademarks and copyrights. Accordingly, the Court finds that plaintiff's claim for declaratory relief has substantive merit.

### f.    Injunctive Relief

In connection with plaintiff's claims for trademark and copyright infringement, plaintiff seeks preliminary and permanent injunctive relief.

The Lanham Act and the Copyright Act explicitly permit injunctive relief. See 15 U.S.C. § 1116(a); 17 U.S.C. § 502(a). While defendants' statutory violations create the possibility for injunctive relief, the plaintiff's claims must nonetheless satisfy the equitable requirements for a permanent injunction. See eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 394 (2006) (requiring application of "traditional four-factor framework that governs the award of injunctive relief" to a copyright infringement claim); Herb Reed Enterprises, LLC v. Florida Entertainment Management Inc., 736 F.3d 1239, 1249 (9th Cir. 2013) ("Following eBay and Winter, we held . . . that actual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action."). "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, 547 U.S. at 391.

**CIVIL MINUTES – GENERAL**     **'O'   JS-6**

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
|----------|-------------------------|------|--------------|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

"[W]hen a plaintiff establishes in a trademark infringement or unfair competition action a likelihood of confusion, it is generally presumed that the plaintiff will suffer irreparable harm if an injunction is not granted." Otter Prod., 2013 WL 5575070, at *11. Furthermore, "[e]vidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm." Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 841 (9th Cir. 2001). Plaintiff's well-pled facts have shown a likelihood of confusion as to the origin of the infringing products, and thus a potential loss of prospective customers, as well as harm to reputation and goodwill if the products are inferior. Therefore, the Court finds that plaintiff will be irreparably harmed by defendants' continued use and infringement of plaintiff's trademarks and copyrights.

Plaintiff has also satisfied the second element concerning inadequate legal remedy. "Damage to reputation and loss of customers are intangible harms not adequately compensable through monetary damages." Car-Freshner Corp. v. Valio, LLC, No. 2:14-cv-01471-RFB-GWF, 2016 WL 7246073, at *8 (D. Nev. Dec. 15, 2016). Furthermore, plaintiff alleges that unless enjoined, defendants will continue to infringe upon plaintiff's trademarks and copyrights. For example, many of defendants' infringing products were still available online as of June 3, 2016 – approximately three months after defendants were served. See, e.g., Withem Decl. ¶¶ 40, 42. Warner previously agreed to stop selling and distributing infringing property in 2008, but this product "reappeared" on RTM's website in 2015. Id. ¶¶ 11–14. In addition, on information and belief, plaintiff alleges that defendants "continue to violate both Leadership Studies' trademarks and copyrights." Compl. ¶ 73. Although an award of money damages may remedy defendants' past wrongful acts, it will not adequately compensate for defendants' future acts. Thus, the second element is satisfied.

The third element requiring a balance of hardships favors plaintiff because if the injunction does not issue, defendants are more likely to continue violating plaintiff's rights, imposing a hardship on plaintiff. See Otter Prod., 2013 WL 5575070, at *12.

With respect to the fourth element, requiring a consideration of the public interest, the Lanham Act and the Copyright Act explicitly invoke the possibility of injunctive relief, which would serve the public interest of vindicating these laws which are intended to encourage innovation. See 15 U.S.C. § 1116(a); 17 U.S.C. § 502(a). There are no exceptional facts at issue that show that an injunction would be against the public interest.

CIVIL MINUTES – GENERAL          'O'   JS-6

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. |

Therefore, the Court finds that plaintiff has met the statutory and equitable requirements for permanent injunctive relief as to the trademark and copyright violations asserted in the complaint. See Adobe Sys., Inc. v. Tilley, No. 09-cv-1085-PJH, 2010 WL 309249, at *6 (N.D. Cal. Jan. 19, 2010) (granting a permanent injunction on a motion for default judgment because, "[i]n light of Defendants' past infringement and their failure to appear in this action, injunctive relief is warranted").

### g.      Summary of the Substantive Merits and Sufficiency of the Claim

The Court concludes that plaintiff has adequately stated claims for trademark infringement, copyright infringement, unfair competition, injunctive relief, and declaratory relief against the moving defendants. However, plaintiff has failed to adequately state a claim for accounting.

### 3.      Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff is entitled to $1,100,000 in statutory damages for copyright and trademark infringement. "The damages that [plaintiff] seeks are thus within the allowable range set by Congress. Since the district court has 'wide discretion in determining the amount of statutory damages to be awarded,' the amount of money requested does not weigh against the entry of default judgment." Sennheiser, 2013 WL 3811775, at *5 (quoting LA News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998)); see also Philip Morris, 219 F.R.D. at 500 ("Given Defendant's infringing [conduct], the likelihood that its conduct would cause confusion or mistake or otherwise deceive customers, and its failure to comply with the judicial process or to participate in any way in the present litigation, the Defendant has engaged in willful use of the counterfeit mark, which

**CIVIL MINUTES – GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-09459-CAS(AJWx) | Date | June 2, 2017 |
|----------|-------------------------|------|--------------|
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | | |

justifies the imposition of a substantial monetary award."). Where, as here, a plaintiff seeks statutory damages "consistent with that to which Plaintiff is entitled by law . . . , while the amount of money at issue is substantial, this factor does not significantly weigh against granting default judgment." TVB Holdings (USA), Inc. v. eNom, Inc., No. 13-cv-624-JLS-DFM, 2014 WL 3717889, at *3 (C.D. Cal. July 23, 2014); see also Nop, 549 F. Supp. 2d at 1238 (after default, awarding statutory damages of $100,000 for each of seven trademarks at issue and $30,000 for each of nine copyrights at issue, for a total of $710,000). The Court thus finds that $1,100,000 in statutory damages is reasonably proportionate to the harm that defendants have caused.

### 4. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. As discussed above, plaintiff's complaint is well pleaded and supported by evidence. Therefore, a dispute concerning material facts is unlikely, and this factor weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The Court has already concluded that Warner (and the defendant-entities over which Warner exerts or exerted control) have actual notice of this lawsuit, see dkt. 75, yet defendants have failed to show cause why a default judgment should not be entered against them. Accordingly, this factor weighs in favor of entry of default judgment.

### 6. Policy in Favor of Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While "'this preference, standing alone, is not dispositive,'" PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible," Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

| CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx)   Date | June 2, 2017 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. | |

### 7.     Conclusion Regarding the <u>Eitel</u> Factors

Apart from the policy favoring decisions on the merits, all of the remaining <u>Eitel</u> factors counsel in favor of default judgment, including the merits of the plaintiff's claims for trademark infringement, copyright infringement, unfair competition, declaratory relief, and injunctive relief.  <u>See</u> <u>Federal Nat. Mortg. Ass'n v. George</u>, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important <u>Eitel</u> factors.") (citation omitted).  Therefore, weighing all of the <u>Eitel</u> factors, this Court finds that entry of the default judgment is appropriate on all of plaintiff's claims against the moving defendants, except its claim for accounting.

### B.     Attorneys' Fees and Costs

In addition to plaintiff's request for a default judgment plaintiff also requests attorneys' fees and costs pursuant to the Copyright Act and the Lanham Act.  <u>See</u> MDJ at 25.  Local Rule 55-3 determines attorneys' fees for a default judgment pursuant to a fixed percentage schedule.  C.D. Cal. L.R. 55-3.  For a judgment of over $100,000, the schedule of attorneys' fees allows $5,600 plus 2% of the amount of damages awarded over $100,000.  <u>Id.</u>  Accordingly, plaintiff's counsel is entitled to $25,600 in attorneys' fees—that is, $5,600 + $20,000 (i.e., 2% of $1,000,000).  In addition, the Court may order defendants to pay costs to plaintiff pursuant to Federal Rule of Civil Procedure 54(d).  On August 29, 2016, plaintiff requested costs in the amount of $3,330.89.  Dkt. 76.  The Court found this request appropriate.  Dkt. 84.  Accordingly, the Court again finds that plaintiff is entitled to $3,330.89 in costs.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment with respect to plaintiff's claims for trademark infringement, copyright infringement, unfair competition, declaratory relief, and injunctive relief against the moving defendants.  The Court **DENIES** plaintiff's motion for default judgment with respect to plaintiff's claim for accounting.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be entered in favor of plaintiff on its claims for trademark infringement, copyright infringement, unfair competition, injunctive relief, and declaratory relief.  All defendants shall be jointly and severally liable to plaintiff in the amount of $1,128,930.89, which is

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | |
|---|---|
| Case No. | 2:15-cv-09459-CAS(AJWx)     Date   June 2, 2017 |
| Title | LEADERSHIP STUDIES, INC. v. READYTOMANAGE, INC. ET AL. |

comprised of: (a) $1,100,000 in statutory damages for trademark and copyright infringement; (b) $25,600 in attorneys' fees; and (c) $3,330.89 in costs.  Plaintiff shall submit a Proposed Judgment in accordance with this order.

    IT IS FURTHER ORDERED that this Court retains jurisdiction over any matter pertaining to this judgment.  Plaintiff shall submit forthwith to the Clerk of Court a request identifying the taxable costs it has incurred.  <u>See</u> C.D. Cal. L.R. 54-2.1.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |